**Daniel P. Larsen**, OSB: 943645
Email:  dlarsen@buchalter.com
**Josh H. Escovedo**, OSB: 284506
Email:  jescovedo@buchalter.com
**Christina M. Morgan**, OSB: 277877
Email:  cmorgan@buchalter.com
BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191
Fax: 503.226.0079

Attorneys for Plaintiff JONATHAN TALLMAN,
an individual

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JONATHAN TALLMAN, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>DILLON SPENCER, an individual,<br><br>                    Defendant. | Case No.: 2:23-cv-01773-HL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jonathan Tallman hereby complains against Defendant Dillon Spencer as follows:

## THE PARTIES

1. Plaintiff Jonathan Tallman is an individual residing and doing business in Morrow County, Oregon.

2. Upon information and belief, Defendant Dillon Spencer is an individual residing in the State of Washington.

**FIRST AMENDED COMPLAINT**
**Page 1**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191

## JURISDICTION AND VENUE

3. All events giving rise to this Complaint occurred in Morrow County. Accordingly, this Court has jurisdiction over this matter and venue is proper in this Court.

## GENERAL ALLEGATIONS

4. Jonathan Tallman lives in Boardman, Oregon, a small city along the Columbia River. In Boardman, there is no anonymity. Everyone knows each other, and a person's reputation matters.

5. Mr. Tallman also owns a coffee shop in Boardman called The Farmer's Cup. Much of his business comes from the Boardman community.

6. Mr. Tallman is an active member of his community. Among other things, he has run for local office four times in the past three years. The most recent election occurred in May 2023. Mr. Tallman did not prevail in any of the elections and has never held public office. Notably, Mr. Tallman did not seek public office in 2024.

7. In 2019, Mr. Tallman was accused of misconduct with Michaela Miller and another unidentified teenager. The police investigated the accusations years ago and concluded that the allegations were unfounded. Mr. Tallman was never prosecuted for, much less convicted of, child molestation or any other type of sex crime.

8. In August 2023, Mr. Tallman volunteered to coach a youth soccer team.

9. In response, Dillon Spencer and others made it their personal mission to destroy Mr. Tallman's reputation.

10. Ms. Miller posted the five-page police report to her Facebook page with a lengthy caption. The report, along with Ms. Miller's caption, recounts her unsubstantiated accusations against Mr. Tallman.

**FIRST AMENDED COMPLAINT**
**Page 2**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

11. On information and belief, Ms. Miller—Defendant's stepsister—had expressed ridicule and hatred for Mr. Tallman, and Defendant knew his sister hated Mr. Tallman. Defendant further knew that his sister sought to harm Mr. Tallman's reputation by making statements that accused Mr. Tallman of unlawful and offensive conduct, without regard for whether the statements were false.

12. To aid his stepsister, on or about August 25, 2023, Defendant commented multiple times on a post referring to Ms. Miller's accusations against Mr. Tallman. First, he wrote, "predators have a way of squeezing through the cracks and the only way to keep them in the light is through the public forums. This isn't opinion. This is a man who victimized children and capitalized on their fear of testifying."

13. Next, Defendant commented, "when a victim is too scared to sit on the witness stand and it's word vs word, then it's hard to take something to trial. However, when there is multiple victims, and the predator all but boasting about getting away with it, it's pretty easy to connect the dots and see the true colors. Protect the children at all costs."

14. Mr. Tallman sent a cease-and-desist letter to Defendant on September 5, 2023, in an attempt to mitigate the harm caused by Defendant's actions. Defendant ignored the letter and has continued to make defamatory statements about Mr. Tallman on Facebook.

15. On or about September 7, 2023, Mr. Spencer posted the same five-page police report that had previously been shared by Ms. Miller. He included the caption, "Just a reminder of the type of person who tries to run for office and coach kids soccer in Boardman."

16. Later the same day, Mr. Spencer responded to another Facebook user who had commented on his post. He wrote that Mr. Tallman is a predator and had touched the "private areas" of a girl twenty years younger than him.

**FIRST AMENDED COMPLAINT**
**Page 3**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

17. Despite Mr. Tallman advising Defendants that his stepsister's statements were false, Defendant continued to disseminate them to exacerbate the harm caused to Mr. Tallman's reputation and standing in the community.

18. Defendant has succeeded in causing great harm to Mr. Tallman's reputation and economic interests.

19. Because of the "allegations, rumors, and information posted online," the Columbia Youth Soccer Club reported Mr. Tallman to the U.S. Center for SafeSport.

20. Mr. Tallman was investigated by the U.S. Center for SafeSport and suspended from participating in the Oregon Youth Soccer Association and all of its affiliated member clubs.

21. SafeSport has concluded its investigation and, like the police, determined that the claims made against Mr. Tallman were baseless.

22. SafeSport has authorized Mr. Tallman to coach children in the next season.

23. Despite being exonerated multiple times, Mr. Tallman has seen a decrease in local business at The Farmer's Cup as a direct result of the defamatory statements.

24. Worse still, Mr. Tallman has had a contractor refuse to continue doing business with him based on the unfounded rumors spread by Defendant.

25. In addition, Harvest Hosts—a membership program that allows RV travelers to camp overnight at unique locations around the country—will no longer allow Mr. Tallman to host travelers. As a result, he has lost several thousand dollars of income per month.

### FIRST CAUSE OF ACTION

### Defamation

26. Plaintiff realleges Paragraphs 1 through 25, inclusive, as though fully set forth below.

**FIRST AMENDED COMPLAINT**
**Page 4**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

27. Defendant published statements about Plaintiff to members of the public.

28. The statements published by Defendant a provably false.

29. Defendant made the statements with actual malice. Defendant knew that neither the police nor the District Attorney had taken any action against Mr. Tallman. Defendant therefore knew or should have known that Mr. Tallman had not perpetrated the acts alleged in the police report. As a result, at the time he made the defamatory statements, Defendant knew his statements were false or he recklessly disregarded their falsity.

30. As a result of Defendant's publication of provably false statements, Plaintiff has suffered emotional harm, financial harm, and harm to his reputation. Plaintiff is entitled to monetary damages in an amount to be determined at trial.

31. Based on Defendant's pattern of behavior, it is likely that he will continue to defame Plaintiff during the pendency of this litigation and afterward. Plaintiff will suffer irreparable harm in the form of damage to his reputation if Defendant is not enjoined from making additional false statements.

## SECOND CAUSE OF ACTION

### Defamation Per Se

32. Plaintiff realleges Paragraphs 1 through 25, inclusive, as though fully set forth below.

33. Defendant has made statements to the public about Mr. Tallman.

34. Members of the public who viewed the statements reasonably understood the statements to be about Mr. Tallman.

/ / /

/ / /

**FIRST AMENDED COMPLAINT**
**Page 5**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

35. Members of the public who viewed the statements reasonably understood the statements to mean that Mr. Tallman had committed a crime of moral turpitude, namely, child molestation.

36. Defendant's statements are false. Mr. Tallman has never molested, assaulted, or abused any minors.

37. Defendant made the statements with actual malice. Defendant knew that neither the police nor the District Attorney had taken any action against Mr. Tallman. Defendant therefore knew or should have known that Mr. Tallman had not perpetrated the acts alleged in the police report. As a result, at the time he made the defamatory statements, Defendant knew his statements were false or he recklessly disregarded their falsity.

38. As a result of Defendant's publication of false statements, Mr. Tallman has suffered severe emotional distress, financial harm, and harm to his reputation. Mr. Tallman is entitled to compensatory damages in an amount to be determined at trial.

39. Based on Defendant's pattern of behavior, it is likely that he will continue to defame Plaintiff during the pendency of this litigation and afterward. Plaintiff will suffer irreparable harm in the form of damage to his reputation if Defendant is not enjoined from making additional false statements.

### THIRD CAUSE OF ACTION

#### False Light

40. Plaintiff realleges Paragraphs 1 through 25, inclusive, as though fully set forth below.

/ / /

/ / /

**FIRST AMENDED COMPLAINT**
**Page 6**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

41. Defendant's public posts about Mr. Tallman state or otherwise suggest that he has molested multiple children and young women. Through these posts, Defendant has given publicity to a matter that places Mr. Tallman in a false light.

42. The false light in which Mr. Tallman has been placed would be highly offensive to a reasonable person. Defendant knows his posts about Mr. Tallman are false or acted in reckless disregard as to the falsity of the publicized matter. Defendant made the posts with actual malice. Defendant knew that neither the police nor the District Attorney had taken any action against Mr. Tallman. Defendant therefore knew or should have known that Mr. Tallman had not perpetrated the acts alleged in the police report. Thus, at the time he made the defamatory posts, Defendant knew they were false or he recklessly disregarded their falsity.

43. As a result of Defendant's actions, Mr. Tallman has suffered severe emotional distress, financial harm, and harm to his reputation. Mr. Tallman is entitled to compensatory damages in an amount to be determined at trial.

44. Based on Defendant's pattern of behavior, it is likely that he will continue to defame Plaintiff during the pendency of this litigation and afterward. Plaintiff will suffer irreparable harm in the form of damage to his reputation if Defendant is not enjoined from making additional false statements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jonathan Tallman prays for the following relief:

1. For general damages in an amount to be proven at trial, but not less than $100,000;
2. For special damages in an amount to be proven at trial, but not less than $100,000;
3. For injunctive relief to remove the false statements and to prevent publication of false and defamatory statements;
4. For costs and disbursements; and

**FIRST AMENDED COMPLAINT**
**Page 7**

BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

5.  For such other and further relief as this Court deems proper.

DATED: December 18, 2024                    BUCHALTER

By *Christina Morgan*
**Daniel P. Larsen, OSB: 943645**
**Josh H. Escovedo, OSB: 284506**
**Christina M. Morgan, OSB: 277877**
Telephone: 503.226.1191

Attorneys for Plaintiff JONATHAN TALLMAN, an individual

BN 86000183v2

**FIRST AMENDED COMPLAINT**
**Page 8**