Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
Attorneys for Defendant Dillon Spencer

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| JONATHAN TALLMAN, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DILLON SPENCER, an individual,<br><br>　　　　Defendant. | Case No. 2:23-cv-01773-HL<br><br>DEFENDANT'S SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO OR. REV. STAT. § 31.150 |

## CONFERRAL STATEMENT

Undersigned counsel certifies that the parties conferred and did not resolve this motion, though Tallman does concede that the anti-SLAPP statute applies (Prong 1).

## MOTION

Pursuant to Or. Rev. Stat. §§ 31.150-.152 (the "anti-SLAPP statute"), defendant Dillon Spencer hereby moves this Court to dismiss plaintiffs' claims in the First Amended Complaint with prejudice, because they cannot be supported through "substantial evidence." Or. Rev. Stat. §§ 31.150(1), (3).

This motion is based on the following Memorandum; the Court's file in this case, including defendant's previous anti-SLAPP motion and supporting declarations; the Court's file in Case No. 23-cv-1773-HL; and such further argument as Defendant might present on reply or at any hearing on this Motion.

## MEMORANDUM

### I.   INTRODUCTION

This Court granted Defendant's previous anti-SLAPP motion because Tallman's complaint against Spencer did not plausibly allege actual malice. ECF 23 (F&R); ECF 30 (Order). This Court also granted "Tallman leave to amend, if he believes he can cure the deficiencies identified in the Findings and Recommendation." *Id*.

Tallman has filed an Amended Complaint ("FAC") that does not cure those deficiencies. ECF 32. The FAC does not plausibly allege that Defendant acted with actual malice, so it fails under a Fed. R. Civ. P. 12(b)(6) standard. In fact, Tallman curiously doubles down on allegations that this Court already found lacking.

Moreover, Tallman cannot meet his burden of production (prong 2) to survive this anti-SLAPP motion—so the Court also can dismiss under a Rule 56 standard. To assess whether this Motion would be worth the Court's time and the parties' resources, Defendant requested at least a week before this motion was due that Tallman provide evidence supporting his allegations in the FAC. The only response undersigned counsel received, during telephonic conferral the day this motion was filed, was (1) Tallman wasn't charged in relation to Ms. Miller's allegations (a theory the Court already held has no bearing on actual malice, or even negligence) and (2) Ms. Miller was caught stealing Tallman's campaign signs. In other words, Tallman's got nothing— clear and convincing or otherwise.

This Court should grant Defendant's anti-SLAPP motion once again, and this time enter judgment with prejudice.

## II. ARGUMENT

Tallman has conceded that the anti-SLAPP statute applies (prong 1), and this Court held that it does. ECF 23 at 6 n. 3; ECF 14 at 15. Under prong 2 of the anti-SLAPP statute, Tallman must demonstrate the legal and factual sufficiency of his claims.

As to legal sufficiency, Tallman had to, at a minimum, allege facts plausibly stating a claim for relief. *Thomas v. Harder*, No. 23-35456, 2024 WL 4403868, at *2–3 (9th Cir. Oct. 4, 2024) (unpub.) (affirming 12(b)(6) dismissal because plaintiff did not allege facts to support allegations that defendants "wrote false and misleading allegations" or fabricated evidence); *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *6 (D. Or. Feb. 12, 2019) (holding that plaintiff was required to allege facts plausibly showing actual malice; granting anti-SLAPP motion because plaintiff did not do so).[1] He didn't.

As to factual sufficiency, Tallman must present admissible evidence to satisfy his burden of production as to each claim. *Handy v. Lane Cnty.*, 360 Or. 605, 622–23 (2016). Because Tallman is a public figure (ECF 30), he must demonstrate a probability that he can produce clear and convincing evidence of actual malice (knowing falsity or reckless disregard of the truth). He also must demonstrate actual damages that the alleged defamation caused. He won't.

### A. The First Amended Complaint repeats allegations that this Court already held are not actionable.

This Court held that the allegations of what are now FAC paragraphs 15 and 16 are unactionable opinion. ECF 23 at 13-14. Those allegations fail (again) for that reason.[2]

---

[1] Authorities are hyperlinked to Westlaw for the Court's convenience.
[2] The Court's earlier determinations concerning the same statements—that they are not actionable, that Tallman must demonstrate actual malice, and that the lack of charges don't even

**B.     Tallman's First Amended Complaint fails to plausibly allege that Defendant acted with actual malice.**

This Court concluded that Tallman's original complaint lacked "facts that would plausibly demonstrate negligence" and thus "Tallman's claims are subject to dismissal under a Rule 12(b)(6) standard." ECF 23 at 16. Nevertheless, Tallman again alleges that Defendant acted with actual malice because he supposedly knew that neither the police nor the District Attorney had acted against Tallman. FAC ¶¶ 29, 37, and 42. This Court already found those allegations insufficient to show *negligence* and they certainly don't show actual malice:

> Tallman alleges that police investigated the allegations, "concluded they were unfounded," and that he was not prosecuted. Compl. ¶ 18. But even assuming the truth of that allegation, it does not follow that Spencer was negligent or reckless as to the truth of the allegations made by his stepsister. At the very least, this Court cannot infer negligence based on the lack of prosecution.

ECF 16 at 16. Indeed, earlier this week, when denying Ms. Miller's anti-SLAPP motion, the Court noted that the lack of charges against Tallman had "no bearing on whether he has presented substantial evidence of actual malice." ECF 34, Findings and Recommendation at 3 n.1.

The Court may stop its analysis here because the claims are legally insufficient, which means that Tallman has failed to satisfy Prong 2. This Court again should apply a Fed. R. Civ. P. 12(b)(6) standard and dismiss Tallman's claims, this time with prejudice.

---

show negligence—are the law of the case and should not be revisited. *Maney v. Oregon*, 729 F. Supp. 3d 1087, 1176 (D. Or. 2024) (collecting authorities; applying law of the case doctrine to preclude re-litigating affirmative defense previously addressed in preliminary injunction ruling).

### C. Tallman cannot show a probability of producing clear and convincing evidence of actual malice and actual damages that Defendant caused.

#### 1. No evidence of actual malice.

Where a defamation plaintiff is a public figure, that plaintiff must prove through clear and convincing evidence that the defendant either knew the relevant publications were false, or recklessly disregarded whether they were false—called "actual malice"—and that the publications caused damages. UCJI 53A.02; *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 265 (9th Cir. 2013) (collecting Supreme Court authorities); *see Bank of Oregon v. Indep. News, Inc.*, 298 Or. 434, 441–43 (1985) (collecting authorities regarding public figures and limited public figures). 'Clear and convincing evidence' means "evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true." Ninth Cir. Model Civ. Jury Inst. 1.7. To satisfy the clear and convincing standard in the context of an anti-SLAPP motion, a plaintiff must, through evidence, demonstrate "a probability that he or she can produce such clear and convincing evidence." *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 889 (9th Cir. 2016) (applying California anti-SLAPP statute). Tallman can make no such showing.

There is no evidence of knowing falsity, much less clear and convincing evidence. Defendant's stepsister informed him that Tallman had groped and sexually harassed her as a minor while she was his employee, and that it had happened to at least one other girl. ECF 11 (Spencer Decl. ¶ 3.) Defendant believed her. (*Id.*) Then, she reported the same to the police, who produced a police report. ECF 13 (Miller Decl., Ex. 1.) Defendant still believed her. ECF 11 (Spencer Decl. ¶¶ 3, 12.) At no point has Defendant had reason to stop believing his stepsister, (*id.*), and Tallman does not allege one. *See Flowers v. Carville*, 310 F.3d 1118, 1119 (9th Cir. 2002) ("[U]nless defendants knew the news reports were probably false or had some obvious

reason to doubt their accuracy, their reliance [on the news reports as a basis for their allegedly false statements] is protected by the First Amendment."; further noting that defendants could be liable if defendants knew or "ignored a clear warning sign" that the news reports were incorrect).

To the Contrary, Defendant received evidence corroborating what Ms. Miller told him. Dustin Harper, a Boardman resident, had posted statements critical of Defendant. ECF 11 (Spencer Decl., Ex. 5.) But the next day, Mr. Harper messaged Defendant to apologize for his criticism and noted that based on what a friend who "grew up with" Tallman told him, "the accusations [against Tallman] are true." ECF 11-1 (Spencer Ex. 5.) And Richard Rockwell, another Boardman resident, told him that "[i]t was only a matter of time before someone said something" about Tallman. ECF 11-1 (Spencer Ex. 6.)

There's no evidence of actual malice, much less clear and convincing evidence. Counsel asked Tallman to send some but received nothing new. This Court should enter a judgment of dismissal with prejudice.

### 2. No evidence of actual damages.

In granting Defendant's first anti-SLAPP motion, this Court did not reach the damages component – because it didn't need to. If the Court has occasion to reach damages here, then it should grant Defendant's anti-SLAPP motion for the additional reason that Tallman cannot carry his Prong 2 burden to show actual damages that Spencer's statements caused. UCJI 53A.01; UCJI 53A.02; UCJI 53A.02; *see Curtis Pub. Co. v. Butts*, 388 U.S. 130, 133–35 (1967) (First Amendment requires plaintiff to demonstrate that Defendant's statements caused plaintiff to be damaged).

## III. CONCLUSION

For the foregoing reasons, this Court should grant Defendant's anti-SLAPP motion and enter a judgment of dismissal with prejudice.

Dated this 10th day of January, 2025.        SNELL & WILMER L.L.P.


*/s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
Attorneys for Defendant Dillon Spencer

4935-0937-9085

Case 2:23-cv-01773-HL     Document 36     Filed 01/10/25     Page 7 of 7

Page 7 – DEFENDANT'S ANTI-SLAPP MOTION

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800