IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JONATHAN TALLMAN, an individual,

        Plaintiff,

v.

DILLON SPENCER, an individual.

        Defendant.

No. 2:23-cv-01773-HL

**FINDINGS AND RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

    Plaintiff Jonathan Tallman filed this action against Defendant Dillon Spencer, alleging that Spencer's Facebook posts about Tallman were false and defamatory. This Court previously granted Spencer's anti-SLAPP motion pursuant to Oregon Revised Statute (ORS) § 31.150, but allowed Tallman leave to amend. Order, ECF 30. Tallman has now filed a First Amended Complaint ("FAC"), ECF 32, and Spencer has renewed his anti-SLAPP motion, Def.'s Mot. to Strike, ECF 36. In renewing his motion to strike, Spencer argues that Tallman's claims are legally insufficient, and the motion to strike should be granted because Tallman fails to plausibly allege that Spencer acted with actual malice. Def.'s Mot. to Strike 2. Spencer further argues that this Court may grant the motion without allowing discovery if it applies the Fed. R. Civ. P.

Page 1 – FINDINGS AND RECOMMENDATION

12(b)(6) standard to grant the motion and dismiss Tallman's claim. Def.'s Reply in Supp. 2–3, ECF 46.[1]

For the following reasons, Spencer's Motion to Strike should be GRANTED without further discovery and Tallman's Complaint should be DISMISSED WITH PREJUDICE.

## DISCUSSION

**I.    Tallman failed to plausibly allege actual malice.**

Because Tallman is a public figure for purposes of federal constitutional analysis, Order 8, ECF 30, he must prove that the two allegedly defamatory statements at issue were published with actual malice, *id.* at 4.[2] This Court concludes that Tallman has failed to plead sufficient factual matter to demonstrate that Spencer acted with actual malice. Consequently, his allegations are legally insufficient under the Fed. R. Civ. P. 12(b)(6) standard, and he cannot demonstrate a probability that he will prevail on his claim against Spencer. Spencer's motion should therefore be GRANTED.

---

[1] Spencer raises the alternative arguments that "Tallman cannot show a probability of producing clear and convincing evidence of actual malice and actual damages that Defendant caused." Def.'s Mot. to Strike 5–6. Because Tallman's Complaint is legally insufficient—and because Spencer's alternative argument would require the Court to permit Tallman to engage in discovery—it is not necessary to consider that alternative argument. Spencer also objects to portions of the Declaration of Johnathan Tallman that, according to Spencer, lack foundation and are irrelevant. Def.'s Reply in Supp. 9. Because this Court addresses only the legal sufficiency argument, which is based on the pleadings, it is unnecessary to consider Spencer's evidentiary objections.

[2] This Court's prior Findings and Recommendation addressed the legal sufficiency of Tallman's claims of defamation, defamation per se, and false light. Findings & Recommendation ("FR") 11–14, ECF 23. In sum, this Court found that two statements made by Spencer were actionable assertions of fact, while two other statements were not. *Id.* Spencer does not seek to relitigate that issue in the present motion, and this Court will not address it again.

A.  **Standard of review.**

Oregon's anti-SLAPP statute uses a two-step, burden-shifting framework, only the second of which is at issue in this motion. *Staten v. Steel*, 222 Or. App. 17, 30 (2008) (discussing ORS § 31.150). Under the second step, the plaintiff has the burden to establish a "probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Young v. Davis*, 259 Or. App. 497, 501 (2013) (quoting ORS § 31.150(3)). The special motion is denied if the plaintiff meets that burden. *Id.* Oregon courts have interpreted "probability" of prevailing on the claim as a "low bar," requiring substantial evidence to support a prima facie claim against the defendant. *Id.* at 508.

"[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). The court need not consider any extrinsic evidence submitted by the parties in assessing the legal sufficiency of the allegations. *See Wahab v. Wahab*, No. 3:23-CV-00098-SB, 2023 WL 5035662, at *6 (D. Or. Aug. 8, 2023). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

B.  **Actual malice.**

Actual malice may be established by evidence that a statement was published "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *Wingard v. Or. Fam. Council, Inc.*, 290 Or. App. 518, 523 (2018) (when the plaintiff in a defamation case is a public figure, "he can prevail

only by proving actual malice—that is, that defendants acted with 'knowledge of falsity or reckless disregard of truth.'"). "[A]lthough the concept of 'reckless disregard' cannot be fully encompassed in one infallible definition," the Supreme Court has "made clear that the defendant must have made the false publication with a high degree of awareness" of its probable falsity or have "entertained serious doubts as to the truth" of the publication. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1998) (citations omitted). "[F]ailure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard." *Id.* at 688 (citing *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)).

Conclusory allegations of actual malice are insufficient to establish the legal sufficiency of a defamation claim involving a public figure. *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1018 (N.D. Cal. 2017). Instead, the Court must "search for specific allegations of a speaker's mindset[.]" *Id.* A claim is legally insufficient when there are no "specific allegations that would support a finding that [defendant] harbored serious subjective doubts as to the validity of [their] assertions." *Miller v. Watson*, No. 3:18-CV-00562-SB, 2019 WL 1871011, at *13 (D. Or. Feb. 12, 2019) (quoting *Resolute Forest Prods., Inc.*, 302 F. Supp. 3d at 1018), *report and recommendation adopted*, No. 3:18-CV-00562-SB, 2019 WL 1867922 (D. Or. Apr. 25, 2019).

### C. Tallman's allegations.

This Court, in applying the Fed. R. Civ. P. 12(b)(6) standard, assumes the truth of the following allegations. *See Planned Parenthood Fed' n of Am., Inc.*, 890 F.3d at 834.

Spencer's stepsister, Michaela Miller, and another individual falsely accused Tallman of sexual misconduct. FAC ¶¶ 7, 28. "The police investigated the accusations years ago and

concluded that the allegations were unfounded. [] Tallman was never prosecuted for, much less convicted of, child molestation or any other type of sex crime." *Id.* at ¶ 7.

Miller "had expressed ridicule and hatred for [] Tallman, and [Spencer] knew his sister hated [him]. [Spencer] further knew that his sister sought to harm [] Tallman's reputation by making statements that accused [] Tallman of unlawful and offensive conduct, without regard for whether the statements were false." *Id.* at ¶ 11.

On August 25, 2023, in an effort to "aid his stepsister," Spencer made two actionable statements of objective fact, which accused Tallman of being a "predator" who "victimized children" in a series of Facebook posts. FAC ¶ 12; *see also* FR 12 (discussing statements).

On September 5, 2023, after Spencer made these allegedly defamatory statements, Tallman sent him a cease-and-desist letter, which advised Spencer that his statements were false. FAC ¶¶ 15, 17. Nevertheless, on September 7, 2023, Spencer made additional non-actionable statements of opinion concerning Tallman's conduct. *Id.* at ¶¶ 15–16; *see also* FR 13–14.

Spencer "made the statements with actual malice." FAC ¶ 29. He "knew that neither the police nor the District Attorney had taken any action against [] Tallman." *Id.* Spencer "therefore knew or should have known that [] Tallman had not perpetrated the acts alleged in the police report." *Id.* "As a result, at the time he made the defamatory statements, [Spencer] knew his statements were false or he recklessly disregarded their falsity." *Id.* at ¶¶ 29, 37, 40.

**D.  Analysis.**

To begin with, Tallman's conclusory allegations that Spencer published the statements with actual malice are insufficient to state a plausible claim. *See Miller*, 2019 WL 1871011, at *13 (explaining that threadbare recitations of actual malice are not enough). Tallman was

required to allege facts sufficient to plausibly demonstrate that Spencer acted with actual malice. But he has not done so.

Tallman asserts that Spencer acted with actual malice in publicizing the statement because the charges against him were "unfounded" and because Spencer knew that "neither the police nor the District Attorney had taken any action against" him. FAC ¶¶ 7, 29. But this Court has already held that these allegations are insufficient to demonstrate either negligence or actual malice. FR 16.[3] Similarly, in the related case involving statements made by Miller, this Court concluded "that the fact that an alleged sexual assault was investigated and not charged, without any explanation for why no charges were filed, has no bearing on whether the sexual assault occurred." *Tallman v. Miller*, No. 2:23-CV-01592-HL, 2025 WL 756918, at *2 n.1 (D. Or. Jan. 8, 2025) (citing *Chapa v. Foell*, No. CV 13-04536-BRO (MRWx), 2014 WL 12966284, at *6 (C.D. Cal. July 10, 2014) (discussing evidence of purported exoneration)), *report and recommendation adopted*, No. 2:23-CV-1592-HL, 2025 WL 444280 (D. Or. Feb. 10, 2025), appeal filed, Case No. 25-1382.

Here, there are no allegations as to why no charges were filed other than the assertion that law enforcement concluded that charges were "unfounded." That conclusory assertion does not plausibly allege that the allegations against Tallman were false. More importantly, there are no allegations that Spencer knew the specific reasons that the charges were unfounded, and there are no allegations that the unfounded charges resulted in Spencer having subjective, serious doubts

---

[3] The undersigned Magistrate Judge previously concluded that these allegations were insufficient to demonstrate *negligence*, which is a lower mental state than *actual malice*. FR 16. Judge Simon adopted that recommendation but also concluded that Tallman is a general purpose public figure, and that the actual malice standard applies. Order 8.

about his stepsister's allegations. Thus, the allegations that charges were unfounded, and that Spencer knew that Tallman was not charged, are insufficient to plausibly allege actual malice.

Tallman's remaining factual allegations fare no better. Whether Miller had "expressed ridicule and hatred for [] Tallman," FAC ¶ 11, has no bearing on the truth of her allegations and—more importantly—has no bearing on Spencer's "mindset," *see Resolute Forest Prods, Inc.*, 302 F. Supp. 3d at 1018 (explaining that, even though state of mind may be pleaded generally, "a plaintiff must still point to details sufficient to render a claim plausible"). And Tallman's cease and desist letter is irrelevant to this inquiry because it was sent *after* Spencer made the allegedly defamatory statements at issue. It also has little bearing on whether Spencer had reason to believe his sister over the individual she had accused of sexual assault. Accordingly, Tallman has not alleged any facts from which a reasonable factfinder could infer that Spencer acted with knowledge that Miller's statements were false or with reckless disregard for whether they were false or not.

Finally, because this Court looks only to the legal sufficiency of Spencer's allegations, it must disregard any extrinsic evidence concerning actual malice. *See Wahab*, 2023 WL 5035662, at *5–6 (declining to consider extrinsic evidence when applying the Fed. R. Civ. P. 12(b)(6) standard). But even if this Court were to consider and assume the truth of all facts asserted by Tallman in his supporting declaration, those facts would be insufficient to plausibly allege actual malice. Miller's alleged discipline for poor performance, stealing of Tallman's campaign signs, and her "vendetta against her old boss," Tallman Decl. ¶¶ 4–6, ECF 42, would establish Miller's strong dislike of Tallman. But those facts are not relevant to Spencer's mindset and whether he had reason to disbelieve his stepsister's allegations that she was sexually assaulted. Thus, even if

Page 7 – FINDINGS AND RECOMMENDATION

those facts were alleged in the Complaint, they would be insufficient to plausibly demonstrate that Spencer acted with actual malice.

In sum, Tallman has failed to plead sufficient factual matter to demonstrate that Spencer acted with actual malice. Consequently, his allegations are legally insufficient, and he cannot demonstrate a probability that he will prevail on his claim against Spencer. Spencer's motion should therefore be GRANTED.

## II.     Tallman is not entitled to discovery.

Tallman asserts that "if this Court is inclined to grant Spencer's motion, Tallman must first be given an opportunity to conduct discovery." Opp'n to Mot. to Strike 14, ECF 41. This Court has already addressed and rejected this argument in the prior Findings and Recommendations. FR 17. As the Ninth Circuit has held, when an anti-SLAPP motion challenges the legal sufficiency of a claim, the district court should apply the Fed. R. Civ. P. 12(b)(6) standard and consider "whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc.*, 890 F.3d at 834. But a district court should apply the Fed. R. Civ. P. 56 standard, and allow discovery, if the motion "challenges the factual sufficiency of a claim." *Id.* Spencer's motion challenges the legal sufficiency of Tallman's Complaint. Def.'s Reply in Supp. 2. And here, as in the prior motion, Tallman's claim fails under the Fed. R. Civ. P. 12(b)(6) standard because it fails to plead facts that would plausibly demonstrate that Spencer acted with "actual malice." Tallman's discovery request should therefore be DENIED.

## III.    Tallman's Complaint should be dismissed with prejudice.

Leave to amend should be denied as futile—and the claim dismissed with prejudice—when there is no set of facts that can be proved to constitute a valid claim. *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 699 F. Supp. 3d 1086, 1120 (D. Or. 2023). It is now clear

that Tallman cannot allege facts that would demonstrate Spencer made the statements with actual malice. Further amendment would be futile, and the Complaint should be dismissed WITH PREJUDICE.

## RECOMMENDATION

Spencer's Motion to Strike, ECF 36, should be GRANTED without further discovery, and Tallman's Complaint should be DISMISSED WITH PREJUDICE.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 14th day of April, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge