# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN TALLMAN**, | Case No. 2:23-cv-1773-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **DILLON SPENCER**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on April 14, 2025. Judge Hallman recommended that this Court grant Defendant's motion to strike and dismiss Plaintiff's complaint with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection, to which Defendant responded. Plaintiff objects to the portion of Judge Hallman's recommendation finding that Plaintiff failed plausibly to allege actual malice and denying leave for further discovery. Plaintiff also objects to the recommendation that leave to amend should not be granted.

Plaintiff argues that whether actual malice exists in an issue of fact. Plaintiff points to the Findings and Recommendation's identification of "factual deficiencies" in Plaintiff's allegations to contend that Defendant's anti-SLAPP motion challenges that factual sufficiency of Plaintiff's claim and therefore that Plaintiff should be granted leave to conduct discovery. The Findings and Recommendation, however, assumed that Plaintiff's allegations were true, as required for anti-SLAPP motions challenging only the legal sufficiency of a claim. The "factual deficiencies" that Plaintiff lists are merely allegations that the Findings and Recommendation assumed the truth of and determined were insufficient to allege actual malice.

Plaintiff also argues that he has sufficiently pleaded actual malice under the standard imposed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff points to his allegations that Defendant made statements "without regard for whether the statements were false," that Plaintiff advised Defendant that his stepsister's statements were false, and that Defendant acted with actual malice because he "knew that neither the police nor the District Attorney had taken any action against [Plaintiff]." As the Findings and Recommendation explained, Plaintiff's conclusory allegations that Defendant made the statements with actual malice and knew his statements were false or recklessly disregarded their falsity do not sufficiently plead actual malice. *See Miller v. Watson*, 2019 WL 1871011, at *13 (D. Or. Feb. 12, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Similarly, that Defendant knew that neither the police nor the District Attorney had taken action against Plaintiff does not mean that Defendant knew that his statements were false. Although some courts have held that dropped charges are probative as to whether a crime occurred, *see, e.g.*, *Chapa v. Foell*, 2014 WL 12966284, at *6-7 (C.D. Cal. July 10, 2014), this was in the context of alleged defamation by the victim of the crime. *See id.* (holding that an allegedly exonerating letter was probative as to whether any rape occurred, and that if no rape occurred, "it is logical to assume that [the alleged victim of the rape] was lying when she made the alleged statements at issue"). Here, Defendant was not the alleged victim. That Defendant believed his stepsister's allegations, despite Plaintiff not being charged, does not mean it is logical to assume that Defendant was lying or acted with reckless disregard for the truth. Therefore, Plaintiff has not sufficiently alleged that Defendant acted with actual malice.

Finally, Plaintiff argues that amendment would not be futile. Plaintiff filed a declaration identifying additional allegations that he could plead related to actual malice. The Court agrees

with the Findings and Recommendation that allegations related to Defendant's stepsister's dislike of Plaintiff are not relevant to Defendant's mindset or whether Defendant had reason to believe or disbelieve his stepsister's allegations. The Court does not find, however, that it is clear that any amendment would be futile. The Court therefore grants Plaintiff leave to amend.

The Court ADOPTS IN PART the Findings and Recommendation (ECF 47). The Court GRANTS Defendant's motion to strike (ECF 36). The Court GRANTS Plaintiff leave to amend, if he believes in good faith that he can cure the deficiencies identified in the Findings and Recommendation. Plaintiff's amended complaint, if any, is due by May 30, 2025.

**IT IS SO ORDERED.**

DATED this 1st day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge