# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN TALLMAN**, | Case No. 2:23-cv-1773-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **DILLON SPENCER**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on January 21, 2026. ECF 67. Judge Hallman recommended that this Court grant in part Defendant's Motions for Attorney's Fees, ECF 37 and ECF 60, and be awarded $68,795.00 in fees.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Both Plaintiff and Defendant timely filed objections. The Court has renewed *de novo* Judge Hallman's Findings and Recommendation, as well as Plaintiff's objection and Defendant's cross-objection. The Court agrees with Judge Hallman as to Plaintiff's objections but disagrees as to Defendant's objection.

Plaintiff makes two objections. First, he objects to Judge Hallman's recommendation that Defendant be awarded fees for his first motion to strike, arguing that Oregon's anti-SLAPP statute, Oregon Revised Statute ("ORS") § 31.152(3), does not allow fee recovery when a defendant has not prevailed on his anti-SLAPP motion. Plaintiff argues that Defendant did not prevail on his first motion because Judge Hallman granted Plaintiff leave to amend. Thus, Plaintiff argues, Defendant did not prevail because there was a possibility that Plaintiff could have successfully replead those claims.

Plaintiff's argument might have been well-taken immediately after Defendant's Interim Motion for Fees following the first anti-SLAPP motion. *See Green Bldg. Initiative, Inc. v. Peacock*, 350 F.R.D. 289, 293 (D. Or. 2025) (explaining that awarding an "interim fee award" on an anti-SLAPP motion would be imprudent when defendants may be able to replead successfully claims dismissed without prejudice). But Plaintiff did not successfully replead. Plaintiff's Amended Complaint contained substantially the same basic claims, causes of action, and sought the same relief. *Compare* ECF 1-1 *with* ECF 32. The Court eventually dismissed Plaintiff's claims with prejudice. ECF 57. Defendant, therefore, prevailed on both anti-SLAPP motions. To bar fee recovery on the first motion under these circumstances would give future plaintiffs an effective shield to blunt the full reach of the anti-SLAPP statute. Such a decision would allow a plaintiff to minimize a fee award that help give the statute its teeth by filing amended complaints that do not cure the defects that made them subject to the statute in the first place.

Plaintiff also objects to Judge Hallman's final calculation of the fee amount, arguing that the fees should be discounted based on the objective reasonableness of Plaintiff's claim, citing Judge Hallman's finding that his case was not meritless. ECF 70 at 3-4. But the objective reasonableness of a claim is not the only factor that courts consider when determining an award of fees under ORS § 20.075. Here, Judge Hallman considered the reasonableness of both parties, including whether Defendant's litigation was needless or excessive, in keeping with Oregon precedent. *See Robinson v. DeFazio*, 284 Or. App. 98, 103-09 (2017). The Court agrees with Judge Hallman's recommendation with respect to the balancing of the § 20.075 factors and declines to discount fees on that basis.

Defendant objects to Judge Hallman's recommendation that the fee award be reduced by $1,417.50 because the 2.7 hours of time incurring that cost were spent on work not directly

related to Defendant's anti-SLAPP motion. ECF 71. In arriving at this recommendation, Judge

Hallman relied on *Chinese Consolidated Benevolent Ass'n v. Chin*, 316 Or. App. 514 (2021), for

its holding that the anti-SLAPP statute requires two things for a party to be awarded attorney

fees: "(1) that a defendant 'prevail' and (2) that the thing the plaintiff prevailed on was a 'special

motion to strike.' That is, it does not provide for fees for prevailing in general or for prevailing

on requests for relief that are not special motions to strike." *Id*. at 519.[1] Defendant argues that the

*Chinese Consolidated* court considered facts that are distinguishable from those presented here.

The underlying anti-SLAPP motion in *Chinese Consolidated* was never litigated because

the plaintiff voluntarily dismissed the complaint before such litigation occurred. Thus, Defendant

argues, the court never considered "whether attorney fees reasonably incurred on issues other

than the anti-SLAPP motion itself are recoverable." ECF 71 at 3. Moreover, Defendant cites a

series of cases in which this Court found that the anti-SLAPP statute contained no language

expressly limiting an award of attorney fees to work spent on the anti-SLAPP motion and

awarded fees for related work. *See, e.g.*, *Card v. Pipes*, 2004 WL 1403007, at *1 (D. Or. June 22,

2004) (observing that the anti-SLAPP "statute contains no such limiting provision" about

whether attorney fees must be related to the special motion to strike); *Accuardi v.

Fredericks*, 2014 WL 1618357, at *4 (D. Or. Apr. 22, 2014) (collecting cases).

The Court finds Defendant's argument persuasive. The *Chinese Consolidated* rule would

bar defendants from recovering fees if they "prevailed" in the case without winning a Special

Motion to Strike under the anti-SLAPP statute, but Defendant here prevailed on that motion.

That threshold having been crossed, neither the *Chinese Consolidated* decision nor ORS

---

[1] Importantly, after *Chinese Consolidated*, the Oregon legislature "amended ORS 31.152 to allow for attorney fees in connection an anti-SLAPP motion filed in a case that is voluntarily dismissed." *Bieker v. Ludwick*, 343 Or. App. 1, 17 n.8 (2025).

§ 31.152(3) contains "any provision limiting fees to only those attributable to the Special Motion to Strike." *Accuardi*, 2014 WL 1618357, at *4.

The question, then, is whether the award of the additional $1,417.50 would be appropriate under the ORS § 20.075 factors. The Court finds that it would be for two reasons. First, as Judge Hallman found with respect to the rest of the fee award, Defendant's conduct during the case was reasonable. He did not engage in excessive or needless litigation, including with respect to the 2.7 hours spent on activities not directly related to the anti-SLAPP motion. *See* ORS § 20.075(1). Second, the time spent and the fees charged for the services unrelated to the anti-SLAPP motion were both in line with "[t]he fee customarily charged in the locality for similar legal services," given "[t]he experience, reputation and ability of the attorney performing the services." ORS § 20.075(2). In other words, $1,417.50 is a reasonable fee for the work performed.

The Court ADOPTS IN PART Judge Hallman's Findings and Recommendation, ECF 67. The Court GRANTS Defendant's Motions for Attorney Fees, ECF 37 and ECF 60. Defendant is awarded $70,212.50 in fees.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge